IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **1:11-cr-16–WLS-ALS** |
| **THOMAS N. TRAXLER,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

# ORDER

Before the Court is Defendant's "Unopposed"[1] Motion for Early Termination of Supervised Release (Doc. 22) ("Motion") filed December 1, 2025. Therein, Defendant requests that this Court terminate his supervised release early pursuant to 18 U.S.C. § 3583(e)(1). After pleading guilty to Receipt of Child Pornography, Defendant was sentenced on September 8, 2011, to serve 120 months imprisonment, followed by a life term of supervised release. Defendant commenced his supervised release on December 13, 2019.

Defendant states he has complied with all conditions of his supervised release, completed sex offender treatment at Peaceway Counseling and Mediation Services Inc., voluntarily attends monthly group counseling sessions, and has passed 11 consecutive polygraphs which are administered every 6 months since his release from custody. Defendant is now 67 years old, lives alone in Lee County, and works as a custodian for Albany Baptist Church and as a maintenance person for a rental business. He is active with his family members and grandson. Defendant served 23 years in the U.S. Marine Corps. In summary, Defendant requests termination of supervised release because his performance during his 6 years on supervised release has been exemplary.

On January 9, 2026, the United States Probation Office for the Middle District of Georgia ("USPO"), via memorandum, responded to Defendant's request. The USPO's memorandum reflects that Defendant has generally complied with the conditions of his

---

[1] As reflected by the Memorandum of the United States Probation Office for the Middle District of Georgia and the Response (Doc. 24) of the Government, the Motion is not "unopposed."

supervised release and completed sex offender treatment in 2023. While the USPO commends Defendant for his performance on supervised release, the USPO states that Defendant is not eligible for early termination and recommends that the Court deny Defendant's request. However, as an alternative to early termination, the USPO recommends that Defendant's term of supervision be reduced from life to 10 years, resulting in Defendant's term of supervised release terminating on December 12, 2029. The USPO indicates that sentencing data in the Middle District of Georgia since January 1, 2020, shows an average term of supervised release for a conviction of Receipt of Child Pornography is 14.6 years. According to the USPO, Defendant would be classified as a Tier I sex offender for purposes of the Sex Offender Registration and Notification Act of 2006 ("SORNA"). *See* 34 U.S.C. § 20901, *et seq.* Under SORNA, Defendant must register at a minimum for 15 years, unless reduced for a clean record. *Id.* § 20915(a)(1). By maintaining a clean record for 10 years, Defendant's period of required registration under SORNA may be reduced by 5 years to a total of 10 years. *Id.* § 20915(b)(2)(A), (3)(A).

The Government filed its Response (Doc. 24) on January 3, 2026. Therein, the Government also objects to termination of Defendant's supervised release, but recommends that the Court reduce Defendant's term of supervised release to 15 years.

Pursuant to 18 U.S.C. § 3583(e)(1), upon consideration of certain factors set forth in § 3553(a),[2] the Court may terminate a term of supervised release after the expiration of one year of supervised release, if the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. A court's termination of supervised release is discretionary. *United States v. Boyd*, 606 Fed. App'x. 953, 956-957 (11th Cir. 2015). After careful individualized review of Defendant's Motion, and consideration of the required § 3553(a) factors, and in particular the nature and circumstance of the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from future crimes, the Court finds that Defendant does not meet the standards for early termination at this time. The Court, has determined that further monitoring by the USPO is in the interests of justice.

---

[2] The Court must consider § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

However, upon consideration of the current range of supervised release for this offense of 5 years to life as reflected in 18 U.S.C. § 3583(k), and the factors set forth in 18 U.S.C. § 3553(a), including the circumstances in this case, the defendant's performance while on supervised release, the defendant's personal history and characteristics, the need to avoid unwarranted sentencing disparities, and to afford adequate deterrence of criminal conduct, the Court further finds, that a reduction in Defendant's term of supervised release to 15 years is warranted. In the event Defendant maintains a "clean record" for a period of at least 10 years as contemplated by 34 U.S.C. § 20915(b), the Court may entertain a subsequent motion for reduction.

Accordingly, Defendant's Motion for Early Termination of Supervised Release (Doc. 22) is hereby **GRANTED IN PART and DENIED IN PART, WITHOUT PREJUDICE** to Defendant's subsequent petition or upon the Court's own initiative. The Defendant's term of supervised release is reduced to fifteen (15) years. The USPO is **DIRECTED** to prepare an amended judgment.

**SO ORDERED**, this 13th day of January 2026.

/s/W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT